UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NUMBER:

LAW OFFICE OF STANLEY A.
BUNNER, JR., PLLC,

  Petitioner,

v.

THE SCHOOL BOARD OF POLK
COUNTY, FLORIDA, and SCOTT M.
FAVRE PUBLIC ADJUSTER, LLC,

  Respondents.
_____/

## PETITION FOR STRICT INTERPLEADER

Petitioner, Law Office of Stanley A. Bunner, Jr., PLLC, sues Respondents, the School Board of Polk County, Florida, (the "School Board") and Scott M. Favre Public Adjuster, LLC ("SMFPA") and alleges:

### NATURE OF ACTION, PARTIES, JURISDICTION, AND VENUE

1. This is an action in equity for a strict interpleader pursuant to 28 U.S.C § 1335. The stake in issue is $2,294,535.40. The claimants are citizens of different states from one another.

2. Petitioner is a law firm with its principal address in Collier County, State of Florida, and is holding the stake in Collier County, Florida.

3. The School Board has its principal place of business in Polk County, State of Florida, and is otherwise a domiciliary and citizen of Florida.

4. SMFPA is a public adjuster that has its principal place of business in Kiln, Mississippi, and does business in Polk County, Florida. SMFPA is a domiciliary and citizen of the State of Mississippi.

5. SMFPA entered into a contract with the School Board to perform services in Polk County, Florida. Due to SMFPA's contacts in Florida this court has personal jurisdiction over it. Likewise, the court has subject matter jurisdiction pursuant to 28 U.S.C § 1335, as the stake exceeds $500 and there is complete diversity amongst the claimants to that stake.

6. Venue is proper in the Middle District pursuant to 28 U.S.C § 1397, as the School Board Claimant is a resident of Polk County, State of Florida.

## FACTUAL ALLEGATIONS

7. On or about May 12, 2020, the School Board on the one hand and SMFPA on the other entered into an Escrow Agreement and pursuant to which Petitioner now holds $2,294,535.40 (the "Escrowed Funds") in Petitioner's IOLTA account.

8. School Board and SMFPA have a dispute regarding what fee, if any, the School Board owes to SMFPA for public adjusting work that SMFPA performed on the School Board's behalf.

9. The Escrowed Funds were placed into escrow pending an agreement between School Board and SMFPA as to the proper amount of fee owed or a court order determining same.

10. The Escrowed Funds have been held in escrow for two years and eight months, yet neither of the foregoing conditions have been satisfied.

11. On information and belief, School Board still contends that it should receive the Escrowed Funds. On information and belief, SMFPA still contends that it should receive the Escrowed Funds. Petitioner asserts no interest in the Escrowed Funds.

12. Petitioner may be exposed to double or multiple liability for competing claims to the Escrowed Funds and it cannot reasonably be expected to hold the Escrowed Funds indefinitely.

13. Petitioner is entitled to have the uncertainly removed by order of this Court if not by agreement of School Board and SMFPA.

14. Petitioner is entitled to recover its reasonable attorneys' fees incurred in bringing the instant action.

15. Petitioner requests permission to deposit the Escrowed Funds with the Court, retain the Escrowed Funds *pendente lite* subject to the Court's ultimate judgment in the case; or to otherwise handle the funds as ordered by this Court.

16. All conditions precedent to the instant action have been performed, occurred, waived, or otherwise satisfied.

WHEREFORE, Petitioner prays that this Court 1) determines that the instant Petition for Interpleader states sufficient grounds for an action in strict interpleader; and, if so, 2) orders Petitioner regarding the manner in which the funds are to be held *pendente lite;* 3) enters an award of reasonable attorneys' fees and costs of this action in favor of Petitioner to be paid out of the Escrowed Funds; 4) unless the Court orders Petitioner to hold the Escrowed Funds *pendente lite*, discharges the Petitioner upon compliance with this Court's order regarding the proper disposition of the funds *pendente lite* and dismisses Petitioner from the case; 5) determines the merits of the competing claims to

the Escrowed Funds, and 6) orders such other relief as this Court may deem to be fair and equitable.

                    LAW OFFICE OF
                    STANLEY A. BUNNER, JR., PLLC

Stanley A. Bunner, Jr.
Florida Bar No.: 0297010
stan@bunnerlaw.com
colleen@bunnerlaw.com
6609 Willow Park Drive
Naples, FL 34109
239-272-3948 – telephone
Attorneys for Plaintiffs